Marshall RATLIFF v. STATE.  (No. 12135.)

Court of Criminal Appeals of Texas.  Jan. 15, 1930.

J. Lee Cearley, of Cisco, and Baker & Baker, of Coleman, for appellant.

Clem Calhoun, Dist. Atty., of Borger, Stinson, Hair, Brooks & Duke, of Abilene, J. Frank Sparks, of Eastland, and A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.  It having been made known to the court by proper affidavit that appellant is dead, the opinion of affirmance is withdrawn, and the appeal is abated.

Ex parte Marshall RATLIFF.  (No. 12363.)

Court of Criminal Appeals of Texas.  Jan. 15, 1930.

J. Lee Cearley, of Cisco, and Baker & Baker, of Coleman, for applicant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.  It having been made known to the court by proper affidavit that relator is dead, the opinion remanding relator and the dissenting opinion are withdrawn, and the proceeding is abated.

Jose SEGURA v. STATE.  (No. 12953.)

Court of Criminal Appeals of Texas.  Jan. 22, 1930.

Chambers & Corrigan, of San Antonio, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.  Willful desertion and abandonment of the wife in destitute and necessitous circumstances is the offense; penalty, a fine of $50 and confinement in the county jail for a period of six months.

The proceedings are apparently regular. No statement of the facts heard is brought forward for review; neither are there complaints of the rulings of the court by bills of exceptions or otherwise.

The judgment is affirmed.

Enrique TERRAZAS v. STATE.  (No. 13295.)

Court of Criminal Appeals of Texas.  Jan. 15, 1930.

William E. Clayton, of El Paso, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.  The conviction is for the theft of an automobile; punishment fixed at confinement in the penitentiary for a period of two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

C. R. TUBB, Sr., v. STATE.  (No. 12981.)

Court of Criminal Appeals of Texas.  Jan. 29, 1930.

Baker & Baker, of Coleman, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J.  The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The state's witness, D. P. Stacy, testified that he went to appellant's place of business and bought a pint of whisky from appellant. Appellant testified that the state's witness came to his place of business for the purpose of selling him an automobile.  He denied that he sold the witness any whisky.

Alma Rose Brunson had worked for appellant.  She testified that she was present when Stacy came to appellant's place of business, and that appellant did not sell or deliver any whisky to the witness.  Several weeks after the date of the alleged offense, officers secured a written statement from Alma Rose Brunson, wherein she averred that, although she had seen the witness Stacy and appellant together when they were engaged in conversation, she was not close enough to hear what they said, and could not say whether or not appellant sold the witness any whisky.  The statement was further to the effect that appellant could have sold the whisky to the witness without her having knowledge of the fact.

After laying the proper predicate, the district attorney introduced the statement in evidence for the purpose of impeaching the witness.  Thereafter appellant offered a witness who would have testified that the witness